UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| Vincent Storme, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | |
| | ) | |
| PayPal, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, VINCENT STORME (hereinafter "PLAINTIFF" or "VINCENT"), by and through his attorneys, Henderson Banks Law, LLC, complaining of Defendant, PAYPAL INC., (hereinafter "DEFENDANT" or "PAYPAL"), and for his Complaint At Law, states as follows:

**JURISDICTION**

1) This is a suit in equity authorized and instituted pursuant to the Illinois Human Rights Act, as amended, 775 ILCS 5/1-101, *et. seq.*, ("IHRA"). The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 775 ILCS 5/1-101, providing for declaratory, injunctive and other relief against employment discrimination based upon arrest record.

1

2) Jurisdiction is based on Diversity of Citizenship.

    (a) VINCENT STORME ("VINCENT") is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

    (b) PAYPAL is incorporated in the State of Delaware, and upon information and belief, has its principal place of business in the State of California. **Please see Exhibit 3, Certificate of Good Standing.**

    (c) Plaintiff affirms that his damages exceed $75,000.00 and Plaintiff has accrued back pay damages that exceed $75,000.00.

3) Venue in this district is proper as the Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

  a) VINCENT was a member of the protected class, arrestee, when the unlawful employment practices occurred.

  b) PAYPAL employed the Plaintiff at the time the unlawful employment practice occurred.

  c) PAYPAL is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

  d) PAYPAL is an employer as that term is defined under the IHRA, 775 ILCS 5/1-101 (B).

4) All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. A charge of employment of discrimination was filed by VINCENT STORME with the Illinois Department of Human Rights against PAYPAL on September 2, 2021, a copy of which is attached hereto as **Exhibit 1**;

    c. VINCENT was granted a 90-day extension on September 7, 2021 on charge 2022CN0134, a copy of which is attached hereto as **Exhibit 2.** VINCENT has filed his complaint within 90-days of that Extension, as required by IHRA;

## FACTS COMMON TO ALL CLAIMS

6. VINCENT was hired by BRAINTREE, a subsidiary of PAYPAL, on or about March 19, 2019, as a Software Engineer.

7. Plaintiff was responsible for developing and supporting software applications for merchants for electronic monetary transactions. He also assisted with onboarding newly hired employees.

8. VINCENT reported to Michael Lutton, who was his supervisor, at the time of his termination.

9. During September of 2020, VINCENT was working remotely due to the COVID-19 global pandemic. He was scheduled to work between September 28, 2022 and September 30, 2020.

10. On September 23, 2020, VINCENT was arrested for cyberstalking, but was not convicted.

11. VINCENT was arrested in his home and he was scheduled to work September 23, 2020 and September 24, 2020 and had previously been approved for paid time off for September 25, 2020.

12. At the time of his arrest, VINCENT attempted to contact his employer's Human Resource Department, but was unable to reach anyone because no one was working in person at PAYPAL's Human Resource Department on September 23, 2020.

13. Upon information and belief, PAYPAL was aware of VINCENT's arrest as they had his accounts suspended on or about the time of his arrest on September 23, 2020.

14. VINCENT was released from jail on October 1, 2020. He immediately contacted his Supervisor, Michael Lutton to notify him of his arrest.

15. On or about October 1, 2020, VINCENT was contacted by Jennifer McLocklin ("McLocklin"), Site Human Resource Business Partner for PAYPAL, and he advised her that he could not respond to any correspondence from the company because his computer had been confiscated by the Federal Bureau of Investigation ("F.B.I.").

16. On October 1, 2020, PAYPAL placed VINCENT on administrative paid leave and advised him that PAYPAL would investigate and make a decision on his arrest.

17. On November 20, 2020 PAYPAL, by and through McLocklin, advised VINCENT that he was being discharged because of his arrest.

## COUNT I– DISCRIMINATION

18. Plaintiff, VINCENT hereby incorporates paragraphs 1-17 of this Complaint as if fully set forth under this Count and further alleges that:

19. Plaintiff, VINCENT was a part of a protected class, arrestee, and was arrested during the time of his employment on September 23, 2020.

20. Defendant, PAYPAL has denied and continues to deny VINCENT an equal opportunity for employment, based on his arrest record, in violation of 775 ILCS 5/2-103(A).

21. Defendant, PAYPAL has engaged in and is engaging in unlawful practices with the purpose and effect of denying, Plaintiff, VINCENT equal opportunity.

22. Plaintiff, VINCENT was hired by BRAINTREE, a subsidiary of PAYPAL, on or about March 19, 2019, as a Software Engineer.

23. On September 23, 2020, VINCENT was arrested for cyberstalking, but was not convicted.

24. VINCENT informed PAYPAL of his arrest and was terminated shortly thereafter on November 20, 2020, prior to ever being convicted of any crime.

25. VINCENT'S arrest was the determining factor in PAYPAL'S discriminatory treatment and the decision to terminate his employment. But for Plaintiff's arrest, he would not have been terminated. Defendant knew that the discriminatory treatment of Plaintiff on account of arrest violated section 775 ILCS 5/2-103(A) of the Illinois Human Rights Act ("IHRA").

26. In terminating VINCENT, Defendant maliciously and/or recklessly violated the Illinois Human Rights Act.

27. The unlawful employment practices alleged herein were committed within the State of Illinois.

28. This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of arrest with respect to compensation, terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of arrest. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by him, but for Defendant's unlawful and discriminatory practices.

29. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from

Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

30. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, VINCENT STORME, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Illinois Human Rights Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of arrest;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

By: _____

Henderson M. Banks, Esq.


Henderson Banks, Esq (#6319733)
Crystal R. Sims, Esq
Henderson Banks Law LLC
Attorney for Respondent
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60606
Phone: 312-741-0981
hbanks@hendersonbankslaw.com
csims@hendersonbankslaw.com

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | | |
|---|---|---|
| Vincent Storme, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | |
| | ) | |
| PayPal, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

I, Henderson Banks, Esq., being first duly sworn on oath, depose and state that the number of damages sought in the above-captioned cause of action exceeds, $75,000.00 for the Plaintiff.

By: _____
Henderson Banks, Esq.
Attorney for Plaintiff

**Henderson Banks Law, LLC**
**77 W. Wacker Drive, Suite 4500**
**hbanks@hendersonbankslaw.com (primary)**
**csims@hendersonbankslaw.com (secondary)**
**Chicago, IL 60601**
**312.741.0981**